UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Albert Tito

    v.                      Civil No. 19-cv-134-PB

New Hampshire State Prison

## REPORT AND RECOMMENDATION

Plaintiff Albert Tito has filed a complaint (Doc. No. 1) alleging violations of his constitutional rights during his incarceration at the New Hampshire State Prison ("NHSP"). The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).

## Preliminary Review Standard

The court conducts a preliminary review of prisoner complaints filed in forma pauperis. See LR 4.3(d)(1); see also 28 U.S.C. §§ 1915(e)(2), 1915A. The court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Claims may be dismissed, sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A). In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable

inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

Plaintiff claims that the New Hampshire Department of Corrections ("DOC") upgraded his security classification in November 2018 without providing him with the procedural protections that he asserts the DOC classification guidelines, handbook, and manuals indicate he must receive. Liberally construed, the complaint asserts violations of Tito's Fourteenth Amendment due process right because prison officials reclassified him and transferred him to the Close Custody Unit ("CCU"), without strictly adhering to DOC rules related to such actions. Plaintiff seeks relief against defendants including members of his classification board under 42 U.S.C. § 1983 on his own behalf and on behalf of other (unspecified) inmates who, he asserts, have been similarly denied procedural protections by unnamed prison officials.

## Discussion

I. Claims Asserted on Behalf of Others

To the extent Tito seeks to assert claims on behalf of other inmates, he cannot do so as a pro se party who is not an

attorney.  Accordingly, the district judge should dismiss the claims Tito asserted on behalf of other inmates.

II.  Fourteenth Amendment Due Process Claim

To establish that his due process rights have been violated, a plaintiff must demonstrate that he has suffered a deprivation of a protected interest in life, liberty, or property.  See Mathews v. Eldridge, 424 U.S. 319, 332 (1976).  "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty.'"  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  Prisoners in general have no constitutionally protected interest in their place of confinement, see Olim v. Wakinekona, 461 U.S. 238, 250 (1983), or in a particular security classification.  See Meachum v. Fano, 427 U.S. 215, 224 (1976).

Protected interests may also arise from prison regulations, subject to the limitations set forth in Sandin v. Conner, 515 U.S. 472 (1995).  See Wilkinson, 545 U.S. at 221-22.  Under Sandin, the court considers whether the restrictions at issue impose an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  Wilkinson, 545 U.S. at 223 (quoting Sandin, 515 U.S. at 484).  The exhibits attached to the Complaint indicate that Tito, who was released from prison on parole in February/March 2019, was reclassified to C-4 custody status in November 2018 following several

3

disciplinary convictions.  Accordingly, as a result of his reclassification, Tito spent three or four months in CCU.

Tito has failed to show that either his security reclassification or his transfer to CCU imposed any atypical and significant hardship upon him.  See, e.g., Beamon v. Pollard, 711 F. App'x 794, 795 (7th Cir. 2018) ("Whether a liberty interest is implicated by disciplinary segregation depends on both the time and conditions of confinement, and 135 days in segregation—absent any atypical conditions related to confinement—does not violate the Fourteenth Amendment." (citation omitted)).  And to the extent Tito bases his claim on prison officials' violation of the DOC classification policies, manual, and guidelines, such allegations, per se, do not give rise to an actionable claim of any violation of his federally protected rights.  See Evans v. Baker, 442 F. App'x 108, 110 (5th Cir. 2011) ("The failure to comply with prison regulations does not constitute a per se constitutional violation when other constitutional safeguards have been employed.").  Accordingly, as Tito has not pleaded allegations sufficient to state a claim of a violation of his federal rights upon which relief can be granted, the district judge should dismiss his complaint (Doc. No. 1).

Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

April 22, 2019

cc: Albert Tito, pro se

5